**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| VOLKAN TURAN | ) | No. 23-80007 |
| | ) | |
| Debtor. | ) | Hon. Thomas M. Lynch |

## NOTICE OF HEARING

To:   See Attached Service List

YOU ARE HEREBY NOTIFIED that on July 13, 2023 at 9:00 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Thomas M. Lynch, **either** in courtroom 3100 of the Stanley J. Roszkowski United States Courthouse, 327 South Church St., Rockford, Illinois 61101, **or** electronically as described below, and then and there present **DEBTOR'S OBJECTION TO CLAIM NO 1 OF CHRISTIAN CARINI AND LAUREEN CARINI**, a copy of which is attached hereto and herewith served upon you.

**All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government.**

You may appear electronically by video or telephone.

**To appear Zoom using the internet**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and passcode**. The meeting ID for this hearing is **160 291 5226** - the password is **852255**. The meeting ID and further information can also be found on the Judge Lynch's web page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.


By:  */s/ David R. Herzog*
     One of his attorneys

David R. Herzog
ARDC #1203681
Law Office of David R Herzog
53 W. Jackson Blvd., Suite 1442
Chicago, Illinois 60604
(312) 977-1600
drh@dherzoglaw.com

## CERTIFICATE OF SERVICE

    I, David R. Herzog, an attorney, state that on May 24, 2023, pursuant to Local Rule 9013-1(D) the **DEBTOR'S OBJECTION TO CLAIM NO 1 OF CHRISTIAN CARINI AND LAUREEN CARINI** was filed and served on all parties either via the Court's Electronic Notice for Registrants, or via First Class Mail as indicated on the service list below.

                                                                       */s/ David R. Herzog*

**SERVICE LIST**

**VIA ECF**

Patrick S Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604
USTPRegion11.ES.ECF@usdoj.gov

Lydia Meyer
Lydia Meyer - 13 Trustee
P.O. Box 14127
Rockford, IL 61105-4127
ECF_LMIL@trustee13.com

Chicago Title Land Trust Company
c/o Johnson & Bell
33 W. Monroe
Suite 2700
Chicago, IL 60603
caffarinia@jbltd.com
marconij@jbltd.com

Christian Carini
c/o Johnson & Bell
33 W. Monroe
Suite 2700
Chicago, IL 60603
caffarinia@jbltd.com
marconij@jbltd.com

Tatyana Rivtis
c/o Paul M. Bach
Bach Law Offices
P.O. Box 1285
Northbrook, IL 60065
paul@bachoffices.com

U.S. Bank Trust National Association
c/o Edward H Cahill
Manley Deas Kochalski
PO Box 165028
Columbus, OH 43216
amps@manleydeas.com

U.S. Bank Trust National Association, not in its individual capacity, but solely in its capacity as trustee of Citigroup Mortgage Loan Trust 2022-RP4
c/o Timothy R Yueill
Law Offices of Ira T. Nevel
175 N. Franklin
Chicago, IL 60606
timothyy@nevellaw.com

**VIA REGULAR MAIL**

Volkan Turan
5 Barrington Bourne
Barrington Hills, IL 60010

Jefferson Capital Systems, LLC
P.O. Box 7999
Saint Cloud, MN 56302-7999

John & Andrea Erickson
7831 Davis St.
Morton Grove, IL 60053-1818

Mint Corporation
5 Barrington Bourne
Barrington Hills, IL 60010

Mint Remodeling Corporation
5 Barrington Bourne
Barrington Hills, IL 60010

Select Portfolio Servicing
P.O. Box 65250
Salt Lake City, UT 84165-0250

U.S. Bank Trust NA
c/o Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH 43216-5028

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No.:  23-80007 |
| | ) | |
| VOLKAN TURAN | ) | Chapter:  13 |
| | ) | |
| | ) | Hon. Thomas M Lynch |
| Debtor, | ) | |

DEBTOR'S OBJECTION TO CLAIM NO 1 OF
CHRISTIAN CARINI AND LAUREEN CARINI

NOW COMES the Debtor, Volkan Turan ("Debtor" or "Turan")", in this Chapter 13 case, and hereby objects to the proof of claim of Christian Carini and Laureen Carini (collectively "Carinis"), at claims docket #1 (the "Claim"). In support of this Objection, the Debtor, states as follows:

JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157(a) and 1334 of the United States Code.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2) of the United States Code. Venue in this District is proper under 28 U.S.C. §§ 1408 and 1409 of the United States Code.

3. The statutory predicates for the relief requested in this Objection are §§105(a), 502, 503, and 507 of the United States Bankruptcy Code (the **"Code"**), Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**) and Rule 3007-1 of the Local Rules of Bankruptcy Procedure for the U.S. Bankruptcy Court of the Northern District of Illinois (the "**Local Rules**").

## BACKGROUND

4. On January 5, 2023, (the "***Petition Date***"), the Plaintiff filed a voluntary chapter 7 bankruptcy petition (the "***Bankruptcy Case***").

5. On April 5, 2023, the Court granted the Plaintiff's Motion to convert the Bankruptcy Case from one under Chapter 7 to a Chapter 13 Case (the "***Conversion Date***").

6. On May 9, 2023, the Carinis filed their Claim No. 1, a copy of which is attached hereto as Exhibit "A" and made a part hereof.

7. The claim asserts an indebtedness in the amount of $1,234,434.50 based upon a default judgment against the Debtor which was entered by the Circuit Court of Cook County on October 17, 2022. A copy of the judgment order is included in the Carini's proof of claim. The default judgment is not a final judgment order because the underlying Circuit Court lawsuit is continuing against other named defendants and the the judgment order does not contain a finding under Il S.Ct. Rule 304(a).

8. As alleged in the Third Amended Complaint, which is also attached as part of the proof of claim, the Debtor together with his company, Mint Corporation, were engaged as a general contractor to conduct renovation work of the Carinis' property located at and commonly known as 6600 Kilpatrick, Lincolnwood, Illinois.

9. Ostensibly, the Carinis' action against the Debtor was for breach of contract because of the alleged failure of the Debtor and/or his company to properly perform the renovation work in a proper and workmanlike manner.

10. The Third Amended Complaint also alleges tort counts against the Debtor for fraud, conspiracy and negligence.

**ARGUMENT**

11. A proof of claim filed by a creditor is "deemed allowed unless a party in interest objects." 11 U.S.C. § 502(a). The ultimate burden of persuasion always remains with the claimant to establish entitlement to its claim. *In re Woodruff*, 600 B.R. 616, 629 (Bankr. N.D. Ill. 2019). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden of proof to demonstrate the validity of the claim. *In re DeKroon*, 593 B.R. 778, 784 (Bankr. N.D. Ill. 2018).

12. A claim that is insufficiently supported as filed can be disallowed on that basis. *See e.g. In re Relford,* 323 B.R. 669 (Bankr. S.D. Ind. 2004); *In re North Bay General Hospital, Inc.*, 404 B.R. 443, 464-65 (Bankr. S.D. Tex. 2009).

13. Furthermore, a claim may be disallowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1); *In re Woodruff*, 600 B.R. at 629.

**A  Default Judgment Has No Preclusive Effect**

14. As previously indicated, the Carinis' claim is based upon a non-final default judgment entered by the Circuit Court of Cook County. As Judge Goldgar has observed, "it appears Illinois subscribes to the majority view that a default judgment cannot form the basis for collateral estoppel. See *In re Catt*, 368 F.3d 789, 791 (7th Cir.2004) (noting that the opposing view, apparently held in Indiana, is the minority)." *In re Nikitas*, 326 B.R. 127, 131 (Bankr. N.D. Ill. 2005). As Judge Goldgar notes, "those Illinois cases which discuss the collateral estoppel effect of a default judgment, do so via dicta  and without "mention [of] either the "actually litigated" requirement or the usual rule that default judgments have no collateral estoppel effect." *In re Nikitas*, 326 B.R. 127

at 132. Also see, *(In re Dealey*, No. 05-80573, 2006 WL 211944, at *2 (Bankr. C.D. Ill. Jan. 25, 2006), "[t]his Court is of the view that if and when the Illinois Supreme Court has occasion to address the issue, it will hold that in cases such as this, of pure default, a default judgment is not to be accorded collateral estoppel effect. This would reflect the majority and, in this Court's opinion, better view, as outlined in *Catt* and *Nikitas*)" and (*In re Burke*), 398 B.R. 608, 623 (Bankr. N.D. Ill. 2008), "[w]hen a default judgment has been entered, as in the case at bar, the record rarely reflects findings of facts sufficient to meet the requirement that the issue to be precluded has been actually and necessarily litigated."). The lack of preclusive effect of the default judgment in the instant case is even more compelling because the order itself is a non-final order.

### B.  Carinis' Claim Is Unliquidated

15. The same infirmity applies in this case. The judgment order makes no findings of fact and therefore, this Court is incapable of determining the basis upon which damages were awarded to the Carinis or the facts which would support such liability. This is particularly troubling because this ostensibly is a breach of contract case and the measure of damages differ significantly from tort claims. "The measure of damages for breach of contract is the amount that will compensate the aggrieved party for the loss "which either fulfillment of the contract would have prevented or which the breach of it has entailed." *LeFevour v. Howorka*, 224 Ill.App.3d 428, 430–31, 166 Ill.Dec. 698, 586 N.E.2d 656 (1991). "The purpose of damages is to put the nonbreaching party into the position he or she would have been in had the contract been performed, but not in a better position." *Walker v. Ridgeview Construction Co.*, 316 Ill.App.3d 592, 596, 249 Ill.Dec. 746, 736 N.E.2d 1184 (2000)."

*Santorini Cab Corp. v. Banco Popular N. Am.*, 2013 IL App (1st) 122070, ¶ 26, 999 N.E.2d 46, 52.

In contradistinction, the measure of damages in a tort claim for fraudulent misrepresentation is "historically treated as purely an economic tort under which one may only recover damages for pecuniary harm. [Emphasis added] See W. Keeton, Prosser & Keeton on Torts *344 § 105, at 726 (5th ed.1984) (the application of the tort of fraudulent misrepresentation has been limited to remedying harm of a commercial or financial nature); Restatement (Second) of Torts, ch. 22 Scope Note, at 54 (1977) (the tort of fraudulent misrepresentation has traditionally been associated with liability for pecuniary loss); Restatement (Second) of Torts § 531, at 66 (1977) (setting forth the "General Rule" for fraudulent-misrepresentation actions and defining damages solely in terms of pecuniary loss)." *Doe v. Dilling*, 228 Ill. 2d 324, 343–44, 888 N.E.2d 24, 36 (2008)

16. As previously stated because, the non-final default judgment order in this case fails to contain any findings of fact, it is impossible to ascertain the basis for the damages which purportedly support Carinis claim. In reality, the claim is unliquidated because there is no indication as to how damages were actually calculated and the legal basis upon which those damage were grounded and, most importantly, it is not a final order. Our bankruptcy courts recognized that a "claim is "unliquidated" when the discretion or judgment of the court is required to determine the amount of the claim. *Orseno*, 390 B.R. at 354; First Nat'l Bank Co. of Clinton, Ill. v. Ins. Co. of N. Am., 606 F.2d 760, 769–70 (7th Cir.1979)." Here, the Debtor respectfully submits the Court must determine the actual value of Carinis' claim on the petition date. 11 U.S.C. § 502(b) because the default judgment in this case fails to provide any tangible basis for the amount claimed.

WHEREFORE the Debtor prays as follows:

A. For Disallowance of Claim No. 1;

B. For the Court to conduct an evidentiary hearing as to actual value of Carinis' claim on

the petition date;

    C.    For such other and further relief that is just and appropriate.

Respectfully submitted,

VOLKAN TURAN, Plaintiff

By:   /s/ *David R Herzog*
         One of His Attorneys

David R Herzog
Law Office of David R Herzog
Attorney for the Debtor
53 W Jackson Blvd., Suite 1442
Chicago, IL 60604
(312) 977-1600
drh@dherzoglaw.com